## WILLIAM A. PENNELL

*v.*

## SARAH McAFFERTY.

1. RESCISSION OF CONTRACT—*must be in apt time.* Where the vendor of an article guarantees the successful working thereof, and agrees to take it back, and refund the purchase money, in case it fails to work as guaranteed, the vendee, if the article does not work well, has the right to rescind the contract, but he must do so within a reasonable time, and if he fails to do so, the vendor may well conclude that he has elected to keep the article, notwithstanding its defective operation.

2. CONTRACT *of guaranty that article sold will work well—proper management required of buyer.* Where the vendor of an article guarantees it to work well, it is necessarily implied that the article shall have reasonably good management in its use, and an instruction that the vendee is entitled to recover if the article failed to work well, but which omits this qualification, is not an accurate expression of the law.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

In November, 1868, Sarah McAfferty, plaintiff, was constructing a dwelling house, and contracted with William A. Pennell & Co., defendants, for the use of " Ruttan's ventilation " in her own dwelling, or building, for which she paid them $100, the receipt of which is acknowledged. · At the same time, she contracted with them for a furnace of their own manufacture, to be by them put up in her house. A receipt, evidencing the contract between the parties, was signed by defendants and delivered to plaintiff. It was as follows: " It is understood and agreed by ——, the party receiving this receipt, that, if they shall faithfully carry out the instructions given them by William A. Pennell & Co., or their agents, in the construction of their building, in putting in incoming and outgoing air-ducts, and fitting up for the Ruttan ventilation, then, and then only, shall said W. A. Pennell & Co. guarantee the successful working of both ventilation and warming; and, in case of failure, they agree to refund all money paid to them, and remove the air-warmer at their own expense, and pay all damages that may

accrue in consequence. But if said —— does not faithfully carry out such instructions, and it fails in consequence thereof, then said —— shall not only pay the full bill of W. A. Pennell & Co., but shall also be liable to them for any damages that may accrue to said W. A. Pennell & Co. in consequence of such neglect or failure. Received of Miss Sarah McAfferty $100, as royalty, to use Ruttan's ventilation in her own dwelling, or building."

It was proven that plaintiff, in building her house, followed substantially the directions of defendants. Hawley, a member of the firm of Pennell & Co., furnished the plans in regard to the heating and ventilation, and gave orders as to the construction in that particular, which appear to have been obeyed.

Under their contract, defendants, in the first instance, put in plaintiff's house one of their No. 2 furnaces. That furnace, with the best management, failed to produce heat enough to warm the house. Pennell, in his testimony, says he "thought it was too small." In the winter of 1869, it was taken out by defendants, and a No. 3, which is a larger furnace, was put in. Plaintiff says that this furnace did not work well—that it smoked, and did not furnish heat enough to warm the house. From time to time, she made complaint the furnace did not work well. Some repairs were made upon it by defendants. Plaintiff continued the use of the furnace, notwithstanding the alleged defects. There is some dispute as to the amount paid defendants for the furnace, but, whatever the contract price was, it is conceded it was all paid. On the 10th day of November, 1874, plaintiff gave defendants a written notice to remove the furnace from her house and pay her the damages sustained; and, on failure to do so, this suit was brought on the guaranty of defendants, to recover the price paid and damages in consequence of the breach alleged. On the trial in the court below, plaintiff recovered a judgment for $600, and Pennell brings the case to this court on appeal.

Messrs. WILLIAMS, BURR & CAPEN, and Mr. W. S. COY, for the appellant.

Messrs. ROWELL & HAMILTON, and Mr. W. M. HATCH, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The contract under which defendants put the furnace, or air-warmer, in plaintiff's house, bound them, in case she followed their directions as to the construction, to "guarantee the successful working of both ventilation and warming." This contract must have a reasonable construction. With proper management, if the furnace failed to produce sufficient heat to warm the house, or if it was otherwise defective, plaintiff had the privilege to elect to rescind the contract, and recover back all money paid defendants for it, and such damages as she may have sustained. In case it was found the "ventilation and warmer" were unsuccessful, with the usual care, it was the duty of plaintiff to indicate, within a reasonable time, her election to rescind the contract on account of such failure. That, she did not do. The second furnace was put in her house in the winter of 1869, and, while it is true plaintiff frequently complained to defendants it was not satisfactory, yet she gave no notice of her desire to rescind the contract until November, 1874. Previous to that time, defendants had no license to remove it, notwithstanding they may have known, from plaintiff or otherwise, it was not working successfully. Without notice to remove the furnace, defendants might well believe plaintiff had elected to retain it, although some defects were observable.

The second instruction given for plaintiff declares, if she built her house with reference to receiving the heater and ventilation of defendants, under their direction and according to their requirements, and if they failed to heat and ventilate the house in a proper and successful manner, she was entitled to recover. This is not an accurate expression of the law as applicable to the facts of the case. It omits an important qualification that is necessarily implied in the contract, viz: the furnace should have reasonably good management in its use. Otherwise, it might not appear it was the fault of defend-

ants it did not work well or answer the purposes for which it was intended, according to the terms of the guaranty. With this qualification added, the instruction states the law accurately, and, if made, it could have, with great propriety, been given.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*